**IN THE COURT OF APPEALS OF IOWA**

No. 15-0875
Filed June 29, 2016

**IN THE INTEREST OF K.M.B.,**

**A.B., Mother,**
Petitioner-Appellee,

**C.B., Father,**
Respondent-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

A father appeals the termination of his parental rights in a private termination action. **AFFIRMED.**

Cole J. Mayer of Masterson, Bottenberg & Eichorn, L.L.P., Waukee, for appellant father.

Scott D. Fisher of Fisher Law Firm, P.L.C., West Des Moines, for appellee mother.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

The mother of a seven-year-old child petitioned to terminate the parental rights of the child's father based on the statutory ground of abandonment. *See* Iowa Code § 600A.8(3)(b) (2015). The district court granted the petition. On appeal, the father argues (1) abandonment was not established, (2) the district court should have declined to find abandonment based on public policy considerations, and (3) he is entitled to attorney fees.

> "To abandon a minor child" means that a parent . . . rejects the duties imposed by the parent-child relationship . . . which may be evinced by the person, while being able to do so, making no provision or making only a marginal effort to provide for the support of the child or to communicate with the child.

*Id.* § 600A.2(19). A parent is deemed to have abandoned a child who is six months or older

> unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

*Id.* § 600A.8(3)(b). On our de novo review of the record, we agree with the district court that the father met the definition of abandonment and was deemed to have abandoned the child.

The father and mother married in 2006. In time, the father, who was honorably discharged from the army, received services from the Veterans Administration for several illnesses, including homicidal and suicidal ideation. Shortly after his release, he moved to Oregon. He remained in Oregon from January 2010 to November 2014. During that period he had no personal contact with his child and no telephone communication with him. *See id.* § 600A.8(3)(b)(2). The last time he saw his child was in September 2009 and he had no more than about a dozen total contacts with the child throughout his life. Although he contends the mother and her family impeded his efforts to maintain contact, those efforts were minimal. He returned to Iowa only once in the four-and-a-half-year period, paid no more in child support than a court-ordered obligation of $450, and sent nothing to the child other than a toy or two, a magazine, some oranges, and velvet cake. The guardian ad litem testified the father was just "an idea in [the child's] mind."

We recognize the grandfather was less than cooperative with the father when he sought to see the child on his single visit to Iowa. And, the record suggests the mother rejected a $75 check he mailed. But, there is scant evidence the mother refused to allow in-person or telephone contact with the child when asked to do so. In any event, she was not required to make diligent efforts to encourage the father to parent his child. *See id.* § 600A.8(3)(c). Finally, contrary to the father's assertion, certain no-contact orders in place around the time of the child's birth did not impede his efforts to parent the child because they had expired within a year of the child's birth.

As for the father's intent to maintain a relationship with the child, "[t]he subjective intent of the parent . . . unsupported by evidence of acts . . . manifesting such intent, does not preclude a determination that the parent has abandoned the child." *Id.*

Because abandonment was established, we affirm the district court decision granting the mother's petition to terminate the father's parental rights to the child. In light of our conclusion, we find it unnecessary to address the father's policy-based arguments. As for his attorney-fee request, the district court entered an order appointing counsel for the father at State expense "for purpose of appeal." The father's "appointed attorney shall be paid reasonable attorney fees as determined by the state public defender from the indigent defense fund pursuant to section 815.11." *See id.* § 600A.6B(4).

**AFFIRMED.**